IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Frayne Wiskus, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Warden Timothy Schuetzle, | ) | Case No. 1:07-cv-054 |
| | ) | |
| Respondent. | ) | |

_____

Before the court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by petitioner, Frayne Wiskus ("Wiskus"). The Honorable Daniel L. Hovland, Chief Judge of the District Court, has referred this matter to the undersigned for preliminary consideration.

I.  **BACKGROUND**

According to materials submitted by Wiskus in support of his petition, it appears that he was convicted in South Dakota on state charges of grand theft on June 25, 2001. He was subsequently writted out and transported to Montana, where he had been charged in a federal indictment. These charges were later amended in a superceding indictment. He pled guilty to the offenses alleged in the superceding indictment and on August 6, 2002, was sentenced to sixty months imprisonment, to run concurrent with his South Dakota sentence, followed by a term of supervised release. He was also ordered to make restitution and pay a $100 special assessment.

Wiskus was released by the Bureau of Prisons on June 20, 2007. He allegedly failed to contact his South Dakota parole officer upon his release, however, prompting the issuance of a warrant for his arrest in South Dakota.

Wiskus was arrested on August 1, 2007, in Adams County, North Dakota. He made his initial appearance before the Honorable William A. Herauf, who ordered him detained without bond "until an attorney is appointed or retained . . . for a period of not to exceed 30 days."

Wiskus filed a Motion for Release on Bond on August 13, 2007, requesting that "he be released from custody until the hearing, which is presently set for September 10, 2007, at which time it his intention to waive extradition and allow the South Dakota authorities to come and pick him up so that he may deal with the South Dakota matter." He filed an addendum to his motion on August 16, 2007, requesting his immediate release on the grounds that he not been afforded a hearing within ten days of his initial appearance as mandated by N.D.C.C. § 29-30.3-19(3).

The district court denied Wiskus's motion in an order dated August 17, 2007, explaining:

> In reviewing the information from the State of South Dakota, the Court cannot find that the State of South Dakota has set any conditions of release but are requested that he be held pending a hearing in the State of South Dakota on the alleged violation of his supervision agreement. The warrant also terminated his parole status.
> N.D.C.C. § 29-03.3-06(3) authorizes an individual to be held in custody for a period not to exceed 30 days without setting conditions of release. Considering, it is alleged the Defendant absconded from the State of South Dakota and his parole was terminated the conditions as set are not unreasonable. Therefore, it is hereby ordered the motion for release on bond is DENIED.

On August 22, 2007, Wiskus filed with this court a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. He claims to have been deprived of a timely hearing

in violation of N.D.C.C. § 29-30.30-19(3).[1]  In so doing, he is careful to note that he has not waived extradition.

## II.     SCOPE OF REVIEW

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in violation of the United States Constitution or other federal law.  This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state-court criminal proceedings rests with the state courts.  Consequently, federal-court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state-court decision that (1) is directly contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding.  See generally Woodford v. Visciotti,

---

[1]  Section 29-30.30-19 provides:

1. The magistrate shall inform the person appearing pursuant to section 29-30.3-18 of:
    a.  The name of the state requesting rendition;
    b.  The basis for the arrest warrant in the other state;
    c.  The right to assistance of counsel; and
    d.  The right to a judicial hearing pursuant to section 29-30.30-20.
2. After being informed by the magistrate of the effect of a waiver, the requested person may waive the right to a judicial hearing and consent to return to the requesting state by executing a written waiver in the presence of the magistrate.  If the waiver is executed, the magistrate shall issue an order to transfer custody pursuant to section 29-30.3-21 or with the consent of the official upon whose application the request was issued authorize the voluntary return of the person.
3. If the hearing is not waived, the magistrate shall hold it within ten days after the appearance.  The requested person and the state's attorney of the county in which the hearing is to be held must be informed of the time and place of the hearing: The magistrate shall:
    a.  Release the person upon conditions that will reasonably assure availability of the person for the hearing; or
    b.  Direct a law enforcement officer to maintain custody of the person.

537 U.S. 19, 26-27 (2002)(per curiam); <u>Williams v. Taylor</u>, 529 U.S. 362, 399-413 (2000); <u>Williams v. Taylor</u>, 529 U.S. 420, 436-437 (2000).[2]

Also, in keeping with the policy of state courts having primary responsibility for enforcement of federal rights in state-court proceedings, § 2254 contains a number of additional rules and procedures for ensuring that state-court convictions are given the maximum effect as allowed by law and to limit federal-court "retrials" of state-court criminal proceedings under the guise of federal habeas corpus. <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2003). For example, under § 2254(b), a federal court may only consider claims that have been first presented to the state court for consideration.[3] Further, it is not enough just to first present the federal claims to the state court. The federal claims must also be exhausted in state court using available state-law procedures before there can be federal-court consideration of the claims. And, in most cases, claims that have been procedurally defaulted at the state level are not reviewable in federal court.[4]

---

[2] The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and has described the differences as follows:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.*, at 405-406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.*, at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. Id., at 409- 410, 120 S.Ct. 1495. See also *id.*, at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

<u>Bell v. Cone</u>, 535 U.S. at 694; <u>see</u> <u>also</u> <u>Early v. Packer</u>, 537 U.S. 3, 7-11 (2002) (per curiam) (distinguishing between the application of the "contrary to" and "unreasonable application" clauses).

[3] Proper presentation requires that the petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue. <u>Cox v. Burger</u>, 398 F.3d 1025, 1031 (8th Cir. 2005).

[4] The Eighth Circuit has set forth the governing rule and the relevant exceptions as follows:

> A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002). A state prisoner procedurally defaults

Petitioners are also required in most cases to develop the factual bases for their federal claims in the state-court proceedings. Federal evidentiary hearings will not be available to develop the necessary facts unless petitioners can show that the claims rely upon a new, retroactive law or that petitioners could not have previously discovered the facts required to support their claims by the exercise of due diligence. 28 U.S.C. § 2254(e)(2). Finally, state-court factual findings carry a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.  DISCUSSION

Wiskus's petition is problematic from a procedural standpoint in two respects. First, given the timing of the events underlying his petition, it would appear that he has yet to exhaust his state court remedies.[5] Second, his petition is grounded upon a violation of state law.

---

a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. *Murray v. Carrier,* 477 U.S. 478, 493-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Clemons v. Luebbers 381 F.3d 744, 750 (8th Cir. 2004). The only other instance in which a federal court can consider a procedurally defaulted claim is when a federal court elects to deny the claim on the merits under § 2254(b)(3) notwithstanding the procedural default.

[5]It is well established that the exhaustion doctrine, codified at 28 U.S.C. § 2254(b)(1)(A), precludes granting habeas relief with respect to a claim for which state-court remedies have not been exhausted. E.g., Rhines v. Weber, 125 S.Ct. 1528, 1533 (2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).
"To satisfy the exhaustion requirement, [a state prisoner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999). A state prisoner "meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Id. However, a court should only require exhaustion when "there is some reasonable probability that the relief which the petitioner seeks will actually be available to him and not require exhaustion when it would be an exercise in futility." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).
Although the exhaustion requirement is not jurisdictional and is an affirmative defense that can be waived, a court may, but is not is not obliged, to raise the issue *sua sponte*. See Granberry v. Greer, 481 U.S. 129, 133 (1987); see also Clary v. Strange, No. 3-06 CV 5 (SRU), 2006 WL 322471 at * 1 (D. Conn. February 9, 2006) (recognizing that a court "may raise failure to exhaust state court remedies sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition."). This is because the exhaustion doctrine serves interests that are broader than those of the immediate parties. See id.

5

Federal habeas corpus relief is only available if a person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006).  Notably, Wiskus does not explicitly allege any such violations in his petition. Rather, he asserts that state officials have violated a state statute requiring that he be given a hearing within ten days of his initial appearance.

It is not enough for Wiskus to assert that state law has been misapplied or violated.  This court lacks authority to review a state courts' interpretation and application of state law, for "federal habeas corpus relief does not lie for errors of state law ... [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

## IV. RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that Wiskus' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody be **DISMISSED** without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 27th day of August, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge